CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 10 2007
JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **DAVID EDWIN SAUNDERS,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:07cv00577** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **U.S. DEPT. OF JUSTICE, et al.,** | ) | **By: Samuel G. Wilson** |
| **Defendant.** | ) | **United States District Judge** |

Plaintiff David Edwin Saunders, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Saunders alleges that he has information regarding various crimes and criminals which he wants to relay to various United States Agencies and Officials. Upon review of the complaint, the court finds that Saunders has failed to state a claim and, therefore, dismisses this action.

**I.**

Saunders alleges that he witnessed a murder committed by a woman who owed drug money to the "Mexican Mafia" and in exchange for her debt, she killed an "illegal Mexican." He also alleges that this Mexican Mafia imports large quantities of cocaine into Virginia and that they have connections within the Virginia government who provide them with illegal documents such as Virginia state identifications, social security cards, and "INS documents." He claims that the Mexican Mafia has a lot of automatic weapons and that they are running a conduit to bring "illegal Mexicans" to Virginia.

Saunders also alleges that he has information pertaining to an "entertainment" agency in Charlottesville, Virginia which forces girls younger than 16 years of age to "dance," "work as prostitutes," and "make and star in pornographic films." He claims that these girls are taken from

Greensboro, North Carolina, "against their will" by men who bring them to Virginia. He states that he also has more information that he can also provide to federal agents.

As "relief," Saunders asks the court to "order" the United States Department of Justice, the Federal Bureau of Investigation, the Drug Enforcement Agency, the United States Attorney (or an Assistant United States Attorney), the Secret Service, "or any other U.S. Justice Authorities" to "[go] see [him] concerning this matter."

**II.**

To state a cause of action under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). In this case, Saunders has not alleged that he has been deprived of any right guaranteed by the Constitution or laws of the United States and, therefore, the court finds that he has failed to state a claim under § 1983.[1]

**III.**

For the reasons stated, the court dismisses Saunders' complaint for failure to state a claim.

**ENTER**: This 10th day of December, 2007.

United States District Judge

[1] Moreover, the court will not construe his complaint as a petition for writ of mandamus. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances." Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). "The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his right to such relief is clear an undisputable." In re Beard, 811 F.2d 818, 826 (4th Cir. 1987) (internal quotations omitted); see also First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir. 1988). As Saunders has no right to the relief he requests, the court finds that mandamus relief is not appropriate.